UNITED STATES, Appellee

v

JAMES A. JOHNSON, Private First Class, No. 20,344; DENNIS MORA, Private, No. 20,347; DAVID A. SAMAS, Private, No. 20,348, U. S. Army, Appellants

17 USCMA 246, 38 CMR 44

*Stanley Faulkner, Esquire,* and *Captain Paul V. Melodia* were on the pleadings for Appellants, Accused.

*Lieutenant Colonel David Rarick, Major John F. Webb, Jr.,* and *Captain Salvatore A. Romano* were on the pleadings for Appellee, United States.

*Joseph H. Crown, Esquire,* on *amicus curiae* brief.

### Opinion of the Court

PER CURIAM:

The accused were convicted of willful disobedience of an order, in violation of Uniform Code of Military Justice, Article 90, 10 USC § 890. In one instance, the order directed the individual concerned to board a sedan which would take him to McGuire Air Force Base for further transportation to Vietnam. In the other two, the order directed the individual to board an aircraft at McGuire for transportation to Vietnam. In each instance, the disobedience was judicially admitted. Prior thereto, each had been routinely ordered to Vietnam for duty. The main contention at the trial, as well as here, is that each of the orders was unlawful, as American participation in the Vietnamese conflict is illegal.

Under domestic law, the presence of American troops in Vietnam is unassailable. United States v Smith, 13 USCMA 105, 32 CMR 105. The legality under international law of the American presence in Vietnam is not a justiciable issue. As long ago as Martin v Mott, 12 Wheat 19, 29 (U.S. 1827), the Supreme Court rejected the idea that the orders of the President as Commander-in-Chief may be so questioned, either by the individual concerned or the judiciary. *Inter alia,* it said:

" . . . If it be a limited power, the question arises, by whom is the exigency to be judged of and decided? Is the President the sole and exclusive judge whether the exigency has arisen, or is it to be considered as an open question, upon which every officer to whom the orders of the President are addressed, may decide for himself, and equally open to be contested by every militia-man who shall refuse to obey the orders of the President? We are all of opinion that the authority to decide whether the exigency has arisen, belongs exclusively to the President, and that his decision is conclusive upon all other persons."

The same Court has since likewise refused to entertain litigation "which challenges the legality, the wisdom, or the propriety of the Commander-in-Chief in sending our armed forces abroad or to any particular region." Johnson v Eisentrager, 339 US 763, 789, 94 L ed 1255, 1271, 70 S Ct 936 (1950). See also Luftig v McNamara, 373 F 2d 664 (CA DC Cir) (1967). Nor is Youngstown Sheet and Tube Co. v Sawyer, 343 US 579, 96 L ed 1153, 72 S Ct 863 (1952), to the contrary. That case dealt with an attempt to use the military power to solve a purely domestic labor dispute. As Mr. Justice Jackson, concurring, noted: "We should not use this occasion to circumscribe, much less to contract, the lawful role of the President as Commander-in-Chief. I should indulge the widest latitude of interpretation to sustain his exclusive function to command the instruments of national force, at least when turned against the outside world for the security of our society." *Id.,* at page 645.

In like manner, an accused may not excuse his disobedience of an order to proceed to foreign duty on the ground that our presence there does not conform to his notions of legality. We have examined the other assignments of error, and find they have no merit.

The petition for review in each of the foregoing cases is denied.